IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**DARIUS CHAMBERS,**             :

    **Plaintiff,**             :

vs.                              :    **CIVIL ACTION 04-0089-BH-C**

**DONAL CAMPBELL, et al.,**      :

    **Defendants.**            :

## CORRECTED REPORT AND RECOMMENDATION

The report and recommendation entered on April 13, 2005 (Doc. 13) is hereby withdrawn and vacated.  This corrected report and recommendation is being entered for the purpose of deleting a reference to one of plaintiff's former actions that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), *Chambers v. Campbell, et al.,* 04-0788 (M.D. Ala. Sept. 28, 2004), after he filed the present action on February 10, 2004.  This case should not have been listed as one of those cases considered for purposes of deciding whether 28 U.S.C. § 1915(g) is applicable.

This § 1983 action filed by an Alabama prison inmate proceeding *pro se*, together with a motion to proceed without prepayment of fees, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.  It is the undersigned's recommendation that plaintiff's motion to proceed without prepayment of fees (Doc. 2) be denied and that this action be dismissed without prejudice pursuant to

28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

During the screening of the plaintiff's complaint (Doc. 1),[1] the Court discovered after examining the dockets of Alabama's federal district courts that plaintiff previously had three actions dismissed on 28 U.S.C. § 1915(e)(2)(B) grounds, namely, *Chambers v. Brown, et al.,* 03-0894 (N.D. Ala. Aug. 7, 2003); *Chambers v. Campbell, et al.,* 98-0601 (M.D. Ala. Aug. 24, 1998); and *Chambers v. City of Selma, Ala., et al.,* 90-0062-BH-C

---

[1] Plaintiff's complaint that is before the Court is document 1. Plaintiff's supplement to complaint (Doc. 4) and amendment to complaint (Doc. 5) were previously found by the Court to contain claims unrelated to the medical claims in the original complaint, and plaintiff was ordered to file a separate complaint for each claim on which he wanted to proceed (Doc. 6). Plaintiff followed the Court's instructions. Two complaints were filed and then removed from this action (Docs. 7 & 9). The two newly created actions are Civil Actions Nos. 04-0760-BH-L and 04-0761-BH-C, which are also being recommended for dismissal pursuant to 28 U.S.C. § 1915(g).
    In 04-0760-BH-L, defendant Ferrell transferred Jonathan L. Jones, plaintiff's companion and legal assistant, to another prison in retaliation for their filing a lawsuit challenging Alabama's ban on same-sex marriage, and placed plaintiff in segregation in retaliation for his advocacy of human rights and the gay community. In 04-0761-BH-C, plaintiff alleges the honor dorm with its many privileges violates the First Amendment because it is a faith-based dorm where an inmate is required to learn about Christianity and Islam and to espouse religion. Plaintiff alleges he was told he could not be in the dorm as long as there was a question about his gender and defendant Eskaleini would not allow plaintiff to wear his Buddhist medallion on a chain.

(S.D. Ala. Sept. 19, 1990).[2]

Furthermore, in the instant complaint plaintiff's allegations do not demonstrate that he was "under imminent danger of serious physical injury" at the time he filed the complaint. In the complaint plaintiff alleges that since August, 2003, he has been denied treatment for his gender dysphoria, which includes hormone therapy and psychotherapy, and he seeks treatment for this condition. Therefore, he cannot avail himself of the exception to § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

Because plaintiff did not pay the $150.00 at the time he filed this action[3] and has not met § 1915(g)'s exception that he is "under imminent danger of serious physical injury," plaintiff's action is due to be dismissed without prejudice. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding the action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action). Accordingly, it is recommended that plaintiff's motion to proceed without prepayment of fees (Doc. 2) be denied and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The attached sheet contains important information regarding objections to the report

---

[2]An examination of the federal courts' Pacer service indicates plaintiff has filed 31 actions.

[3]Plaintiff signed the complaint on February 7, 2004, and the Court received the complaint on February 10, 2004 (Doc. 1).

and recommendation.

    **DONE** this  28th day of April, 2005.


                                                          s/WILLIAM E. CASSADY  
                                                          UNITED STATES MAGISTRATE JUDGE


**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                        s/WILLIAM E. CASSADY
                                        UNITED STATES MAGISTRATE JUDGE